On Rehearing
LOTTINGER, Judge.
A rehearing was granted herein limited, however, to the question of credit for medical payments on behalf of defendants. The record reflects that a stipulation was entered into the effect of which was that it was admitted that defendant North River Insurance Company paid, on its own behalf and on behalf of its ’ insured, medical expenses amounting to the sum of $3,287.79 for the treatment of plaintiff.
The rule has been announced by the Supreme Court in the case of Gunter v. Lord, 242 La. 943, 140 So.2d 11, that an injured automobile passenger who has been paid medical expenses under the medical payment provision of the automobile policy covering the car in which he was riding could not be awarded the same medical expenses in tort in an action brought directly against the insurer or the insureds of the insurer. See also Gandy v. Feazel, La.App., 155 So.2d 474, at page 477, wherein the Court, citing Gunter v. Lord, supra, “ * * Reduced to the simplest terms, the cited cases are authority for the conclusion that an injured person cannot collect twice for medical expenses under the coverage afforded in the same policy. * * * ”
Under the cited authorities, it is obvious that the defendants North River Insurance Company and its insureds are en *460 titled to credit for medical expenses in the amount of $3,287.79, and the judgment appealed from should he amended accordingly. The question of contribution raised by the other defendants we do not pass upon as the rehearing was limited strictly to the question of credit for expenses previously paid.
Accordingly, our Judgment of July 1, 1963, is hereby amended so as to accord credit to defendants, North River Insurance Company, J. W. Low, Inc., and Leon Huck-aby, in the amount of $3,287.79; in all other respects said Judgment is affirmed.